B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>James See | DEFENDANTS<br>Summer Breeze Investments, LLC, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Michael Avanesian (Bar. No. 278685)<br>801 North Brand Blvd., Suite #1130<br>Glendale, California 91203<br>818.276.2477 | **ATTORNEYS** (If Known)<br>H. James Keathley<br>2030 Main Street, Suite 1040<br>Irvine, California 92614<br>949.640.0700 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Fraudulent transfer under 11 U.S.C. section 548, Avoidance and Recovery of Fraudulent Conveyance- 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439.04 and 3439.05.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11 - Recovery of money/property - § 542 turnover of property
- ☐ 12 - Recovery of money/property - § 547 preference
- ☑ 13 - Recovery of money/property - § 548 fraudulent transfer
- ☑ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- ☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61 - Dischargeability - § 523(a)(5), domestic support
- ☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- ☐ 63 - Dischargeability - § 523(a)(8), student loan
- ☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71 - Injunctive relief - reinstatement of stay
- ☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01 - Determination of removed claim or cause

**Other**
- SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
- ☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $   At least $6,000,000 |

Other Relief Sought

B1040

B1040 (Page 2) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>James See | | BANKRUPTCY CASE NO.<br>16-05103-MM11 |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT OF CALIFORNIA | DIVISIONAL OFFICE | NAME OF JUDGE<br>Margaret M. Mann |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Michael Avanesian | | |
| DATE<br>9/29/2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael Avanesian | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1040

1  Michael Avanesian (Bar. No. 278685)
   Sloan Youkstetter (Bar. No. 296681)
2  **AVANESIAN LAW FIRM**
   801 North Brand Blvd., Suite #1130
3  Glendale, California 91203
   Tel: 818.276.2477 │ Fax: 818.208.4550
4  email: michael@avanesianlaw.com
           sloan@avanesianlaw.com
5
   (Proposed) Counsel for Debtor
6  James See

7
                **UNITED STATES BANKRUPTCY COURT**
8
                **SOUTHERN DISTRICT OF CALIFORNIA**
9

10 | In re: | Case No.: **16-05103-MM11** |
11 | **JAMES SEE,** | Adversary No.: |
12 | Debtor. | Chapter 11 |
13 | | **COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER** |
14 | James See, | |
15 | Plaintiff, | Judge: Margaret M. Mann |
16 | v. | |
17 | Summer Breeze Investments, LLC, | |
18 | Defendant. | |

19

20      Plaintiff, James See ("Plaintiff"), files this Complaint against Summer Breeze

21 Investments, LLC ("Defendant") and alleges as follows:

22                          **JURISDICTION/VENUE**

23      1.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E)

24 and (F).  This Court has jurisdiction over the subject matter of this adversary proceeding

25 based on 28 U.S.C. §§ 157(a) and 1334(b) and General Order 312-D of the United States

26 District Court, Southern District of California.

27      2.      Venue is based on 28 U.S.C. § 1409(a) in that the instant proceeding is

28 related to the Debtor's bankruptcy case, which is still pending.



1

3.      This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001(1).

4.      Plaintiff consents to entry of final orders or judgment by the bankruptcy judge if any matters are determined to be core.

## Parties

5.      Plaintiff is the Debtor of the Bankruptcy Case pending in this District as 16-05103-MM11. This case was filed as a voluntary Chapter 11 bankruptcy proceeding on August 22, 2016 ("Petition Date").

6.      Plaintiff is the debtor and debtor-in-possession.

7.      Accordingly, Plaintiff is the duly authorized representative of the Estate pursuant to Section 1107 of the Bankruptcy Code.

8.      Plaintiff is informed and believes that Summer Breeze Investments, LLC ("Defendant") is and all times mentioned was an Arizona Limited Liability Company with headquarters located in Huntington Beach, California and doing business in California.

## General Allegations

9.      Plaintiff is informed and believes and thereon alleges that Plaintiff was the sole member and 100% owner of Pinon Canyon Land and Cattle Company, LLC, a Colorado Limited Liability Company ("Pinon") from its inception until on or around October 20, 2015.

10.     Plaintiff is informed and believes and thereon alleges that Pinon owns the single family residence located at 5031 Tierra Del Oro Carlsbad, CA 92008 (the "Residence") and also valuable plots of land located in Colorado (the "Gold Mines").

11.     Plaintiff is informed and believes and thereon alleges that the Residence is worth approximately $6.1 million and is encumbered by approximately $4.2 million in liens.

12.     Plaintiff is informed and believes and thereon alleges that the Gold Mines are worth approximately $5 million without accounting for mineral rights and are



2

1    encumbered by approximately $2.5 million in liens.

2    13.    Plaintiff is informed and believes and thereon alleges that Pinon borrowed

3    $540,000 from Defendant ("Loan").

4    14.    To secure the Loan, Pinon granted to Defendant a deed of trust against the

5    Residence.

6    15.    In addition to the security interest in the Residence, Plaintiff executed a

7    personal guaranty in favor of Defendant to secure the Loan ("Obligation").

8    16.    In addition to the security interest and guaranty, Plaintiff transferred 100%

9    of his ownership interest in Pinion to Defendant (the "Transfer").

10    17.    Plaintiff received less than a reasonably equivalent value in exchange for

11    the Transfer or Obligation.

12    18.    Plaintiff is informed and believes and thereon alleges that he was insolvent

13    on the date that the Transfer was made and such Obligation was incurred, or became

14    insolvent as a result of the Transfer and Obligation.

15    19.    Plaintiff is informed and believes and thereon alleges that he was engaged

16    in business or a transaction, or was about to engage in business or a transaction, for which

17    any property remaining with the Debtor was an unreasonably small capital.

18    20.    Plaintiff is informed and believes and thereon alleges that he intended to

19    incur, or believed that the debtor would incur, debts that would be beyond the Debtor's

20    ability to pay as such debts matured due to the Transfer.

21    **FIRST CLAIM FOR RELIEF**

22    **(Avoidance and Recovery of Fraudulent Conveyance- 11 U.S.C. §§ 544 and 550 and**

23    **California Civil Code §§ 3439.04 and 3439.05)**

24    21.    Plaintiff realleges and incorporates by reference paragraphs 1 through 19 of

25    this Complaint as though fully set forth herein.

26    22.    Plaintiff has the authority of a lien creditor pursuant to § 544(b) of Title 11

27    of the United States Code to avoid the transfers alleged herein.

28    23.    There was and is at least one unsecured creditor of this estate holding an



3

1   allowable claim under 11 U.S.C. §502, who was a creditor at the time of the Transfer,

2   and Transfer is voidable by such unsecured creditor under the California Uniform

3   Fraudulent Transfer Act, Civil Code § 3439.01, et. seq, including, without limitation,

4   §3439.04 and/or §3439.05.

5          24.    Within four years of the Chapter 11 bankruptcy filing the Debtor made the

6   Transfer.

7          25.    The Transfer is avoidable by the Plaintiff pursuant to California Civil Code

8   §§ 3439.04 and 3439.05. As a result, the Plaintiff may recover the value of the asset

9   transferred from (1) the first transferee of the asset or the person for whose benefit the

10  transfer was made; or (2) any subsequent transferee, other than a good faith transferee

11  who took for value or from any subsequent transferee.

**SECOND CLAIM FOR RELIEF**

**(Avoidance and Recovery of Fraudulent Conveyance - 11 U.S.C. §§ 548 and 550)**

14         26.    Plaintiff realleges and incorporates by reference paragraphs 1 through 24 of

15  this Complaint as though fully set forth herein.

16         27.    Plaintiff alleges on information and belief that the Transfer was made

17  within two years before the date of the bankruptcy filing.

18         28.    Plaintiff alleges on information and belief that the Debtor received less than

19  reasonably equivalent exchange for such transfers or obligations and was insolvent on the

20  date that the Transfers were made or the Obligation was incurred, or became insolvent as

21  a result of such transfer or obligation; was engaged in business or a transaction, for which

22  any property remaining with the debtor was an unreasonably small capital; and intended

23  to incur or believed that the Debtor would incur, debts that would be beyond the Debtor's

24  ability to pay as such debts matured.

25         29.    Pursuant to 11 U.S.C. §550, upon avoidance of the Transfer in this Claim

26  for Relief, Plaintiff is entitled to recover for the benefit of the Estate, the Property

27  transferred, or, if the Court so orders, the value of such Property, from (a) the initial

28  transferee of such transfer or the entity for whose benefit such transfer was made; or (b)



1    any immediate or mediate transferee of such initial transferee.

2    **WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

3                          **FIRST CLAIM FOR RELIEF**

4    **(Avoidance and Recovery of Fraudulent Conveyance- 11 U.S.C. §§ 544 and 550 and**

5                    **California Civil Code §§ 3439.04 and 3439.05)**

6            1.      That the Transfer be avoided as a fraudulent transfer pursuant to California

7    Civil Code §§ 3439.04 and 3439.05;

8            2.      That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of

9    the Estate, the property transferred, or if the Court so orders the value of such property

10   from (a) the initial transferee of such transfer or the entity for whose benefit such transfer

11   was made; or (b) any immediate or mediate transferee of such initial transferee;

12          3.      For such other relief to Plaintiff as the Court deem s necessary and proper;

13   and

14          4.      If appropriate, attorney's fees and costs to Plaintiff.

15                         **SECOND CLAIM FOR RELIEF**

16   **(Avoidance and Recovery of Fraudulent Conveyance - 11 U.S.C. §§ 548 and 550)**

17          5.      That the Transfer be avoided as a fraudulent transfer pursuant to 11 U.S.C.§

18   548;

19          6.      That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of

20   the Estate, the property transferred, or if the Court so orders the value of such property

21   from (a) the initial transferee of such transfer or the entity for whose benefit such transfer

22   was made; or (b) any immediate or mediate transferee of such initial transferee;

23          7.      For such other relief to Plaintiff as the Court deem s necessary and proper;

24   and

25          8.      If appropriate, attorney's fees and costs to Plaintiff.

26                          **THE AVANESIAN LAW FIRM**

27   Dated: May 6, 2014                    By:    /s/ Michael Avanesian

28                                                Michael Avanesian



5

Jul 12 16 04:27p          JS                                              7608142464          p.9

## RESOLUTION OF THE MEMBERS OF

# PINON CANYON LAND AND CATTLE COMPANY LLC,
# A COLORADO LIMITED LIABILITY COMPANY

This Resolution of the members is irrevocable and shall take priority over all prior resolutions and is made as of the date signed by the parties below.

## 1.

## LOAN AUTHORIZATION:

### FOR
### 5031 Tierra Del Oro, Carlsbad CA 92008
### AUTHORIZATION FOR NEW $540,000 2ND TRUST DEED

PINON CANYON LAND AND CATTLE COMPANY LLC, A COLORADO LIMITED LIABILITY COMPANY approves a new 2nd trust deed loan in an amount of $540,000 plus deferred lender exit fee of $50,000 on terms outlined in approved loan documents and escrow and title documents, with SUMMER BREEZE INVESTMENTS, LLC, on behalf of PINON CANYON LAND AND CATTLE COMPANY LLC, A COLORADO LIMITED LIABILITY COMPANY, borrower, for the subject property located at 5031 Tierra Del Oro, Carlsbad, CA 92008.

### AUTHORIZED TO SIGN

JAMES SEE, It's Managing Member and 100% owner of all outstanding shares is authorized to sign all required documentation to facilitate the loan. James See as sole member, owner and sole manager has full authority and as certified and authorized herein by James and Jennifer See. JAMES SEE shall serve as personal guarantor for the $540,000 2nd trust deed referenced above On Behalf of PINON CANYON LAND AND CATTLE COMPANY LLC, borrower, for the subject property located at 5031 Tierra Del Oro, Carlsbad, CA 92008. James See and PINON CANYON LAND AND CATTLE COMPANY LLC, A COLORADO LIMITED LIABILITY COMPANY have certified to SUMMER BREEZE INVESTMENTS, LLC, TESTA CAPITAL GROUP, Thomas L. Testa and Dan Triana the purpose of the loan is strictly for business purposes and non-personal, non-consumer use.

## 2.

## LLC IN GOOD STANDING

This resolution further Certifies that PINON CANYON LAND AND CATTLE COMPANY LLC is in good standing with all governmental agencies, has no taxes, transfer fees, liens, legal issues or any other obligations due. JAMES SEE shall provide blanket insurance policy and assumes full liability and is responsible for all legal fees of the parties related to LLC good standing and transfer and indemnifies and holds harmless SUMMER BREEZE INVESTMENTS, LLC and

PAGE 1 OF 4

INITIALS    INITIALS    INITIALS

Zachary Lindborg, TESTA CAPITAL GROUP, Thomas L. Testa and Dan Triana of any
financial, legal or any other cost or liability pertaining to James See and  PINON CANYON
LAND AND CATTLE COMPANY LLC good standing and James See transfer of shares and
management.

## 3.
## LLC TEMPORARY TRANSFER

### APOINTMENT OF NEW MANAGER / RESIGNATION OF MANAGER
### ASSIGNMENT OF OWNERSHIP FOR PINON CANYON LAND AND CATTLE COMPANY
### LLC, A COLORADO LIMITED LIABILITY COMPANY

This resignation of manager, appointment of new manager and assignment of ownership
resolution of the members is effective concurrently with the recordation of the $540,000 2nd trust
deed loan. Secretary of State transfer of control managing member to be pre-executed with loan
docs prior to funding by James See to Summer Breeze Investments, LLC and filed by Escrow
upon recording. The purpose being a temporary transfer during the term of the above referenced
loan until full payoff subject to listing and sale requirements as outlined below.


### RESIGNATION AND ACCEPTANCE:
For full and valuable consideration, Members of PINON CANYON LAND AND CATTLE
COMPANY LLC, A COLORADO LIMITED LIABILITY COMPANY approve the resignation
of James See Manager and acceptance of new manager SUMMER BREEZE INVESTMENTS,
LLC, Managing Member. SUMMER BREEZE INVESTMENTS, LLC is authorized to sign all
required documentation to facilitate all decision matters related to PINON CANYON LAND
AND CATTLE COMPANY LLC, A COLORADO LIMITED LIABILITY COMPANY.

### ASSIGNMENT OF OWNERSHIP
For full and valuable consideration, JAMES SEE 100% sole share owner, hereby assigns and
transfers 100% shares and ownership, right title interest in PINON CANYON LAND AND
CATTLE COMPANY LLC, A COLORADO LIMITED LIABILITY COMPANY to SUMMER
BREEZE INVESTMENTS, LLC.

## 4.
## LLC TRANSFER BACK

### REAPOINTMENT OF JAMES SEE MANAGER / RESIGNATION OF
### SUMMER BREEZE INVESTMENTS, LLC, MANAGER
### ASSIGNMENT OF OWNERSHIP BACK TO JAMES SEE FOR PINON CANYON LAND
### AND CATTLE COMPANY LLC, A COLORADO LIMITED LIABILITY COMPANY

PAGE 2 OF 4          INITIALS    INITIALS    INITIALS

**AUTOMATIC TRANSFER OF MANAGEMENT BACK TO JAMES SEE
AND SHARES TO JAMES SEE AND JENNIFER S. SEE** will occur upon full
payment and payoff of the 2nd trust deed loan in an amount of $540,000 plus deferred lender exit
fee of $50,000 plus any loan amounts due to Summer Breeze Investments LLC, less unused
interest credit. Summer Breeze Investments, LLC will cooperate to facilitate transfer management
back to James See and the **shares to James See and Jennifer See** at no additional cost or liability
to Summer Breeze Investments LLC. This payoff must occur on or before April 15, 2016 due
date of the loan, subject to listing and sale requirements specified below.

REPAYMENT SCHEDULE: $150,000 from James See Halcyon Equities, Inc. consulting
contract when received estimated at 10-23-15. $100,000 from deposit on Fair Play Mining
Colorado Ranch sale when received estimated at 10-30-15. Final full repayment inclusive of
principal, deferred lender exit fee and interest due, less unused interest credit upon receipt of
closing funds on Colorado sale estimated at 12-31-15.

SHOULD THE FULL PAYOFF DESCRIBED ABOVE NOT OCCUR BY JANUARY 31, 2016
for the $540,000 2nd trust deed loan on the subject property located at 5031 Tierra Del Oro,
Carlsbad, CA 92008, then the property will be listed and sold as follows:

Should the loan amounts due not be fully paid by 01-31-16, then the subject property will be
listed for sale: Listing at $5.7 million marketing February 1 2016 begins, price reduced to $5.0
million on March 01, 2016, then reduced to $4.5 million on April 01, 2016 and $4.25 million on
April 15, 2016, Summer Breeze Investments, LLC to have first right of refusal to retain
ownership at $4.0 million as of April 15, 2016. Escrow must close prior to April 15, 2016 and
should it close beyond April 15, 2016 Summer Breeze still has first right of refusal specified
above. As of April 15, 2016, the $540,000 2nd trust deed will be due and payable.

# 5.
# OCCUPANCY

JAMES and JENNIFER SEE will occupy the property up to the date the property sells to a third
party at which time they will vacate upon close of escrow or upon April 15, 2016 should the
property not sell to a third party and Summer Breeze Investments, LLC elects to retain ownership
as outlined above. At sole discretion of Summer Breeze, Investments, LLC, the property would
then be offered for sale on the open market or for lease upon mutually acceptable lease terms.
James and Jennifer See will be responsible for any insurance and personal and third party
liability, indemnifies and holds harmless SUMMER BREEZE INVESTMENTS, LLC for liability
at the subject property and will keep property in good condition. James and Jennifer See shall pay
all 1st and 2nd trust deed loan expenses and property related expenses of any type including all
taxes, utilities and assessments and maintenance expenses of the subject property.

Signature page to follow

PAGE 3 OF 4

INITIALS      INITIALS      INITIALS

IN WITNESS WHEREOF, the member has entered into this agreement and has hereunto set his hand as of the effective date first written.

Approved and accepted

PINON CANYON LAND AND CATTLE COMPANY LLC,
A COLORADO LIMITED LIABILITY COMPANY

By JAMES SEE, IT'S MANAGING MEMBER

DATE  10/20/15

By JAMES SEE, AN INDIVIDUAL

DATE  10/20/15

By JENNIFER S. SEE, AN INDIVIDUAL

DATE  10/20/15

NOTORIAL SEAL

PAGE 4 OF 4

DO NOT DESTORY THIS NOTE: When paid, this note with Deed of Trust securing same, must be surrendered to Trustee for cancellation
before reconveyance will be made. **PROPERTY: 5031 Tierra Del Oro, Carlsbad CA 92008**
**ASSESSOR'S PARCEL NO. : APN: 210-020-10-00**                    **ESCROW/TITLE ORDER NO. 4945567A.**

### SFR OR 2 – 4 UNIT NOTE SECURED BY 2ND DEED OF TRUST
### INSTALLMENT – INTEREST ONLY FIXED RATE NOTE
### BUSINESS – BRIDGE – TEMPORARY LOAN     Loan Number: TCG-4282015

**$540,000**                                                    **OCTOBER 20, 2015**
Newport Beach, California

## 1. BORROWER'S PROMISE TO PAY

In installments as herein stated, for value received, **PINON CANYON LAND AND CATTLE COMPANY LLC, A
COLORADO LIMITED LIABILITY COMPANY**, promises to pay to **SUMMER BREEZE INVESTMENTS, LLC**
as **BENEFICIARY** or order at place designated by Beneficiary

The principal sum of **FIVE HUNDRED FOURTY THOUSAND Dollars and no Cents
($540,000)**, herein called the "Principal" plus interest to the order of the Lender. The Lender is
**SUMMER BREEZE INVESTMENTS, LLC** as **BENEFICIARY. I** will make these payments under this Note
in the form of cash, check, money order or wire transfer. In addition an amount due at loan
payoff for fully earned deferred lender exit fee of $50,000. The final payoff demand will reflect
$590,000 plus any loan charges due less any interest credits.

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will
pay interest at a yearly rate of 12.00%

## 3. PAYMENTS

**(A) Time and Place of Payments**
I will make a payment every month. This payment will be for interest only. I will make my monthly interest
only payments on the 1st day of each month (subject to pre-paid interest 3-C below) and continuing
monthly until the 15th day of April, 2016 at which time any unpaid principal balance together with any
accrued interest shall become due and payable. I will make these monthly interest only payments without
notice or demand to:
**SUMMER BREEZE INVESTMENTS, LLC**
**P.O. BOX 707, HUNTINGTON BEACH, CA 92648**

**(B) Amount of Monthly Payments**
My monthly interest only payment will be in the amount of U.S. **$5,400**  FIVE THOUSAND FOUR
HUNDRED DOLLARS AND NO/100's)

**(C). Pre-paid interest: $31,680** ($1,980 from 10-21-15 funding – 10-31-15 interest plus $29,700
representing 11-01-15 – 04-15-16)   Any unused interest will be refunded to applicant if loan is paid off
early during term. Loan due APRIL 15, 2016.

## 4. PREPAYMENT PENALTY LENDER RESERVE

    **A.** NO PREPAYMENT PENALTY
    **B.** BALANCE AT CLOSE OF ESCROW RETAINED BY LENDER AS EXPENSE RESERVE. SERVE AS FEE FOR $50,000 INCREASE.

Page 1 of 2      initial _____      initial _____

**TESTA CAPITAL GROUP**                              *BRE Broker # 01790365  NMLS # 328319*

## 5. LATE CHARGES

In the event of non payment of any installment within 5 days of the due date, I will agree to pay the holder of the Note hereof a late payment charge of 10% of my overdue payment.

## 6. ADDITIONAL TERMS

**(A) MULTIPLE BENEFICIARIES:** The consent of 51% in interest of the Beneficiaries of the Deed of Trust is necessary and sufficient to bind and to direct the action to be taken by all Beneficiaries of this Deed of Trust.

**(B) REPAYMENT SCHEDULE:** $150,000 from James See Halcyon Equities, Inc. consulting contract when received estimated at 10-23-15. $100,000 from deposit on Fair Play Mining Colorado Ranch sale when received estimated at 10-30-15. Final full repayment inclusive of principal, deferred lender exit fee and interest due, less unused interest credit upon receipt of closing funds on Colorado sale estimated at 12-31-15.

SHOULD THE FULL PAYOFF DESCRIBED ABOVE NOT OCCUR BY JANUARY 31, 2016 for the $540,000 2ⁿᵈ trust deed loan on the subject property located at 5031 Tierra Del Oro, Carlsbad, CA 92008, then the property will be listed and sold as follows:

Should the loan amounts due not be fully paid by 01-31-16, then the subject property will be listed for sale: Listing at $5.7 million marketing February 1 2016 begins, price reduced to $5.0 million on March 01, 2016, then reduced to $4.5 million on April 01, 2016 and $4.25 million on April 15, 2016. Summer Breeze Investments, LLC to have first right of refusal to retain ownership at $4.0 million as of April 15, 2016. Escrow must close prior to April 15, 2016 and should it close beyond April 15, 2016 Summer Breeze still has first right of refusal specified above. As of April 15, 2016 the $540,000 2ⁿᵈ trust deed will be due and payable.

## 7. THIS NOTE IS SECURED BY DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust dated the same day as this Note protects the Note holder from possible losses which might result if I do not keep the promises which I make in this Note.

If the Trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or be divested of his title or any interest therein any manner or way whether voluntarily or involuntarily without the written consent of the beneficiary being first obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligation secured hereby, irrespective of the maturity date specified in any documents not evidencing the same immediately due and payable.

## 8. EXHIBIT "A" and "B"

Rider to Note and Arbitration agreement are attached hereto and made a part here of.
In the event of any default in the payment of any installment of principal or interest as herein provided all sums so due including interest, shall bear interest rate set forth above but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law. Should default be made in payment of any of installment of principal or interest when due the whole sum of principal and interest shall at the option of the holder of this note become immediately due. Principal and interest payable in lawful money of the United States. If action be instituted on this note I/we promise to pay such sum as the Court may fix as attorney's fees. This note is secured by a DEED OF TRUST to the TITLE COMPANY, as TRUSTEE.

BORROWER

PINON CANYON LAND AND CATTLE COMPANY LLC.
A COLORADO LIMITED LIABILITY COMPANY

By JAMES SEE, IT'S MANAGING MEMBER

DATE  10-20-15

Page 2 of 2

**TESTA CAPITAL GROUP**

BRE Broker # 01790365  NMLS # 328319

correct copy of the Original
First American Title Escrow.
By:

DO NOT DESTORY THIS NOTE: When paid, this note with Deed of Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made.

**PROPERTY: 5031 Tierra Del Oro, Carlsbad CA 92008**
**ASSESSOR'S PARCEL NO. : APN: 210-020-10-00   ESCROW/TITLE ORDER NO. 4945567A.**

## RIDER TO NOTE
## EXHIBIT "A"

The terms and conditions set forth in Exhibit "A" take precedence over and control any conflicting terms and conditions found elsewhere in Note:

1. Lender does not allow borrowers to be due for two monthly payments at any one time on this current 2nd Trust Deed loan. Hence, if any obligation, monetary or non-monetary, owed under this Note or the Deed of Trust securing it becomes 30 days delinquent: (a) Lender may record a Notice of Default and (b) interest rate reflected in the Note shall, without notice to Borrower, increase by 5 percentage points, and continue at that rate until the default is cured or the loan is paid in full. Said increase shall begin and be retroactive to the 1st day of the initial delinquent month.

2. A default upon any provision or condition in the Note and Deed of Trust including Riders shall constitute a default upon all provisions or conditions.

3. The Holder may choose to advance money to protect the security of the Deed of Trust securing this Note or, by way of example only, payments due Senior Leins, Fire Insurance on Property Taxes. All sums advances by the Holder shall be added to the principal balance of the Note and shall bear interest at the then applicable Note rate until paid. An Administrative charge of 10% of the advancement shall be paid to the Holder per advancement.

We have read, fully understand and agree to the above:

BORROWER

PINON CANYON LAND AND CATTLE COMPANY LLC.
A COLORADO LIMITED LIABILITY COMPANY

By JAMES SEE, IT'S MANAGING MEMBER

DATE 18-20-15

By: _____

Certified to be a true and correct copy of the Original First American Title Escrow.

**TESTA CAPITAL GROUP**

*BRE Broker # 01790365  NMLS # 328319*

RIDER TO THE ... EXHIBIT D - ARBITRATION ...REEMENT

DO NOT DESTROY THIS NOTE: When paid, this note with Deed of Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made. **PROPERTY: 5031 Tierra Del Oro, Carlsbad CA 92008**

ASSESSOR'S PARCEL NO. : **APN: 210-020-10-00   ESCROW/TITLE ORDER NO. 4945567A.**

*MUTUAL AGREEMENT TO ARBITRATE DISPUTES:* Borrower has or will obtain a mortgage loan (the "Loan") made or arranged by the undersigned company (the "Company"). Borrower and Company agree that any Dispute involving the Loan, including, but not limited to claims arising from the origination, documentation, disclosure, servicing, collection or any other aspect of the Loan transaction or the coverage or enforceability of this Agreement, shall be resolved exclusively by binding arbitration under the terms of this Agreement. This Agreement shall also be binding on the agents, successors and assigns of the parties and the Loan.

"Dispute" shall include, but not be limited, to:

1.  Any claimed wrongdoing, such as misrepresentation, negligence, breach of contract, breach of fiduciary duty, unconscionability, fraud in the inducement, rescission, breach of the covenant of good faith and fair dealing and unfair business practices.

2.  Any claimed violation of state or federal laws, including, but not limited to consumer credit, truth-in-lending, civil rights, equal opportunity, real estate settlement, housing discrimination laws, fair lending acts, licensing, loan regulation and unfair business practices acts.

"Dispute" shall <u>not</u> include:

1.  Actions by the lender to judicially or non-judicially foreclose on the note and deed of trust (or mortgage) for the Loan, to enjoin waste, to collect rents, interpleader actions or actions for a receiver, to recover possession, ejectment or relief from the automatic stay in bankruptcy, or to obtain relief through governmental agencies.

2.  Actions for provisional remedies such as a temporary restraining order or preliminary injunction or for a permanent injunction based upon an arbitration award.

*ARBITRATION OF DISPUTES:* Arbitration shall be conducted under the rules of the American Arbitration Association ("AAA"). Arbitration shall be filed at the office of the AAA nearest to the real property securing the Loan. Reasonable discovery shall be permitted pursuant to a written discovery plan determined by the arbitrator(s). Company shall pay all arbitrator fees and hearing fees to the extent they exceed what Borrower would have had to pay if the matter were tried in court. Each party shall bear their own attorneys fees, unless a specific claims statute applies. The arbitrator(s) shall render a statement of the reasons for the award. Judgment on the award may be entered in any court of competent jurisdiction.
*WAIVERS:*
THE PARTIES HEREBY FREELY WAIVE THE RIGHT TO TRIAL BY JUDGE OR JURY, THE RIGHT TO APPEAL, FULL PRETRIAL DISCOVERY AND APPLICATION OF THE RULES OF EVIDENCE.

We have read, fully understand and agree to the above:

**BORROWER**

**PINON CANYON LAND AND CATTLE COMPANY LLC.**

**A COLORADO LIMITED LIABILITY COMPANY**

**By JAMES SEE, IT'S MANAGING MEMBER**

DATE ____13-20-15____

Certified to be a true and correct copy of the Original First American Title Escrow

By:

**TESTA CAPITAL GROUP**

RRE Bmker # 01700365, NMLS # 338210

FATCELI

AND WHEN RECORDED MAIL THIS DEED AND TAX
STATEMENTS TO:

**TESTA CAPITAL GROUP**
4945567-60

**SUMMER BREEZE INVESTMENTS, LLC**
**P.O. BOX 707**
**HUNTINGTON BEACH, CA 92648**

**DOC# 2015-0554297**

Oct 23, 2015  08:00 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $57.00

PAGES: 14

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

THIS DEED OF TRUST,  made on **OCTOBER 20, 2015**  between
**PINON CANYON LAND AND CATTLE COMPANY LLC, A COLORADO LIMITED LIABILITY COMPANY**
herein called TRUSTOR,
whose address is 5031 Tierra Del Oro, Carlsbad CA 92008
and **FIRST AMERICAN TITLE COMPANY** herein called **TRUSTEE, AND**

**SUMMER BREEZE INVESTMENTS, LLC, as BENEFICIARY**

WITNESETH:  That Trustor irrevocably GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST,
WITH POWER OF SALE that property in the City of **CARLSBAD**, County of **SAN DIEGO**, State of
**CALIFORNIA** described as:

THE LEGAL DESCRIPTION OF THE PROPERTY IS:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF – EXHIBIT "A"

THE PROPERTY IS COMMONLY KNOWN AS: 5031 Tierra Del Oro, Carlsbad CA 92008

If the Trustor shall sell, convey, or alienate said property, or any part thereof, or any interest therein, or shall be divested of
his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the
beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to
declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing
the same, immediately due and payable.

Together with the rents, issues and profits thereof, **subject, however**, to the right, power and authority hereinafter given to
and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing:  (1) Performance of the indebtedness evidenced by one promissory note in the principal
**sum of  $540,000** with interest thereon according to the terms of a promissory note or notes of even date herewith
made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof; (2) the performance of each
agreement of Trustor incorporated by reference or contained or reciting it is so secured:, (3) Payment of additional sums
and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a
promissory note or notes reciting that they are secured by this Deed of Trust.

RIDERS TO THIS SECURITY INSTRUMENT THAT ARE EXECUTED BY BORROWER. THE FOLLOWING
RIDERS ARE TO BE EXECUTED BY BORROWER:
1. LEGAL DESCRIPTION – EXHIBIT A
2. BALLOON RIDER
3. 1-4 FAMILY RIDER
4. PREPAYMENT RIDER

Page 1 of 3

**TESTA CAPITAL GROUP**

**To Protect the Security of This Deed of Trust,** and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Sierra | 29 | 335 |
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Siskiyou | 468 | 181 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Solano | 1105 | 182 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Sonoma | 1851 | 689 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Stanislaus | 1715 | 456 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Sutter | 572 | 297 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Tehama | 401 | 289 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Trinity | 93 | 366 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Tulare | 2294 | 275 |
| Eldorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tuolumne | 135 | 47 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Ventura | 2062 | 388 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Yolo | 653 | 245 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yuba | 334 | 486 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | | | |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | | | | | |
| | | | | | | Page 183887 | | Series 2 Book 1961 | | | |

Shall inure to bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B (identical in all counties, and printed on the reverse side of page one hereof) are by within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding he obligation secured herby, provided the charge therefore does not exceed the maximum allowed by law.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of ORANGE:

which currently has the address of : **5031 Tierra Del Oro, Carlsbad CA 92008**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that TRUSTOR Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

BY SIGNING BELOW, TRUSTOR - Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including those provisions of the Fictitious Deed of Trust that are incorporated by reference) and in any Rider executed by Borrower and recorded with it.

The undersigned TRUSTOR Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to the Borrower at the address set forth above.

Page 2 of 3

## TESTA CAPITAL GROUP

Branch :N60,User 6305bl                    Comment:                                                      Station Id :ZI5N

SIGNATURE OF TRUSTOR:

BORROWER

PINON CANYON LAND AND CATTLE COMPANY                        (This area for official notarial seal)
LLC, A COLORADO LIMITED LIABILITY COMPANY

By JAMES SEE, IT'S MANAGING MEMBER

DATE  12-20-15

Page 3 of 3

TESTA CAPITAL GROUP

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

County of ___SAN DIEGO___ } s.s.

On _Oct. 20. 2015_ before me, _G.E. CLARK · NOTARY PUBLIC_
<span>Name of Notary Public, Title</span>

personally appeared ___JAMES SEE___
<span>Name of Signer (1)</span>

_____
<span>Name of Signer (2)</span>

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_G E Clark_
<span>Signature of Notary Public</span>

**G. E. CLARK**
**COMM. #2043264**
NOTARY PUBLIC · CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires OCT 26, 2017

Seal

## ───── OPTIONAL INFORMATION ─────

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

### Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____

___DEED OF TRUST___

containing _____ pages, and dated _Oct. 20. 2015_.

The signer(s) capacity or authority is/are as:
- ☐ Individual(s)
- ☐ Attorney-in-fact
- ☐ Corporate Officer(s) _____
  <span>Title(s)</span>
- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☒ Other: __MANAGING MEMBER__

representing: _____
<span>Name(s) of Person(s) Entity(ies) Signer is Representing</span>

### Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
☒ form(s) of identification  ☐ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____ Entry # _____

Notary contact: _951 202·7193_

Other
☐ Additional Signer  ☐ Signer(s) Thumbprints(s)
☐

© 2009-2015 Notary Learning Center - All Rights Reserved    You can purchase copies of this form from our web site at www.TheNotarysStore.com

SAN DIEGO, CA
Document: TD 2015.554297

Page 4 of 14

Printed on 8/1/2016 10:34:42 AM

Exhibit E, Page 51

# NOTARY SEAL

Under the provisions of Government Code 27361.7, I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: _G.E. Clark_

Commission no.: _2043264_

County where bond is filed: _San Bernardino_

Date Commission Expires: _OCT 26, 2017_

Manufacturer/Vendor Identification number: _HPr1_

PLACE OF EXECUTION: _Brea_

DATE: _10/22/2015_

SIGNATURE: _Jovan Vargas_

DPS Agent

# BALLOON PAYMENT RIDER

THIS BALLOON PAYMENT RIDER is made this 20TH day of OCTOBER 2015 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to **SUMMER BREEZE INVESTMENTS, LLC,** as BENEFICIARY, (the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

### 5031 Tierra Del Oro, Carlsbad CA 92008

**BALLOON PAYMENT.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

BALOON RIDER TO NOTE: <u>DO NOT SIGN YOUR LOAN DOCUMENTS IF YOU HAVE ANY QUESTION REGARDING YOUR LOAN, PAYMENTS AND/OR BALLOON PAYMENT.</u>

This loan is payable in full <u>ON APRIL 15, 2016.</u> You must repay the entire principal balance of the loan and the unpaid interest then due. <u>The lender is under no obligation to refinance the loan at that time.</u> You will therefore be required to make payment out of other assets you may own, or will have to find a lender willing to lend you the money at prevailing market rates, which may be considerably higher or lower than the interest rate on this loan. If you refinance this loan at maturity, you may have to pay some of all closing costs normally associated with a new loan, even if you obtain refinancing from the same lender. You may need to refinance or even sell the property to meet your balloon payment.

This balloon note accompanies a mortgage with interest only payments, which means that the principal of the entire original balance plus accrued interest is due and payable <u>ON APRIL 15, 2016</u>, borrower will have to pay off any remaining balance in what is known as a balloon payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this balloon payment Rider.

SIGNATURE OF TRUSTOR:

(This area for official notorial seal)

BORROWER

PINON CANYON LAND AND CATTLE COMPANY LLC,
A COLORADO LIMITED LIABILITY COMPANY

By JAMES SEE, IT'S MANAGING MEMBER

DATE 10-20-15

**TESTA CAPITAL GROUP**

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** _SAN DIEGO_ } s.s.

On _OCT. 20. 2015_ before me, _G.E. CLARK · NOTARY PUBLIC_
_____
Name of Notary Public, Title

personally appeared _JAMES SEE_
_____
Name of Signer (1)

_____
Name of Signer (2)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_G E Clark_
Signature of Notary Public

**G. E. CLARK**
**COMM. #2043264**
NOTARY PUBLIC · CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires OCT 26, 2017

Seal

━━━━━━━━━━ OPTIONAL INFORMATION ━━━━━━━━━━

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____

_BALLOON PAYMENT RIDER_ _____

containing _____ pages, and dated _____.

The signer(s) capacity or authority is/are as:
- ☐ Individual(s)
- ☐ Attorney-in-fact
- ☐ Corporate Officer(s) _____
                                          Title(s)

- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☒ Other: _MANAGING MEMBER_

representing: _____
              Name(s) of Person(s) Entity(ies) Signer is Representing

**Additional Information**

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
☒ form(s) of identification  ☐ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____  Entry # _____
Notary contact: _951 202 · 7193_

Other
☐ Additional Signer  ☒ Signer(s) Thumbprints(s)
☐ _____

© 2009-2015 Notary Learning Center - All Rights Reserved          You can purchase copies of this form from our web site at www.TheNotarysStore.com

### 3-in-1 CERTIFICATION

Pursuant to the provisions of Government Code 27361.7, I certify under penalty of perjury that the Notary Seal on the document to which this statement is attached reads as follows:

Name of Notary: _____ G. E. Clark _____

Commission no.: _____ 7043264 _____

County where bond is filed: _____ SBDO _____

Commission expiration date: _____ Oct 26 2016 _____

Vendor/Manufacturer's no: _____ HPE1 _____

Pursuant to the provisions of Government Code 27361.7, I certify under penalty of perjury that the illegible portion of this document to which this statement is attached reads as follows:

_____
_____
_____
_____
_____

Pursuant to the provisions of Government Code 27361.7, I certify under penalty of perjury that the illegible portion of this document to which this statement is attached reads as follows:

State of _____
County of _____
On _____ before me, _____ A NOTARY PUBLIC, personally appeared
_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____                    (Seal)

PLACE OF EXECUTION: _____ Brea CA _____

DATE: _____ 10 | 22 _____

SIGNATURE: _____
                              , DPS Agent

Branch :NAO,User :ADEB                                    Comment:                                    Station Id :ZTSN

## 1-4 FAMILY RIDER
### (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this 20TH day of OCTOBER 2015 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to **SUMMER BREEZE INVESTMENTS, LLC,**, as BENEFICIARY (the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

### 5031 Tierra Del Oro, Carlsbad CA 92008

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's

**TESTA CAPITAL GROUP**

MULTISTATE 1-4 FAMILY RIDER--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3170      1/01

fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower.  However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs.  Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I.    CROSS-DEFAULT PROVISION.**  Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.


SIGNATURE OF TRUSTOR:

(This area for official notarial seal)


BORROWER

PINON CANYON LAND AND CATTLE COMPANY LLC,
A COLORADO LIMITED LIABILITY COMPANY

By JAMES SEE, IT'S MANAGING MEMBER

DATE  10-20-15


**TESTA CAPITAL GROUP**

MULTISTATE 1-4 FAMILY RIDER--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT            Form 3170    1/01

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

County of _SAN DIEGO_ } s.s.

On _Oct. 20. 2015_ before me, _G.E. CLARK · NOTARY PUBLIC_
Name of Notary Public, Title

personally appeared _JAMES SEE_
Name of Signer (1)

_____
Name of Signer (2)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_G E Clark_
Signature of Notary Public

**G. E. CLARK**
COMM. #2043264
NOTARY PUBLIC • CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires OCT 28, 2017

Seal

─── OPTIONAL INFORMATION ───

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____
_I-4 FAMILY RIDER_
containing _____ pages, and dated _____.

The signer(s) capacity or authority is/are as:
☐ Individual(s)
☐ Attorney-in-fact
☐ Corporate Officer(s) _____ Title(s)
☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☒ Other: _MANAGING MEMBER_

representing: _____
Name(s) of Person(s) Entity(ies) Signer is Representing

**Additional Information**

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
☒ form(s) of identification ☐ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____ Entry # _____

Notary contact: _951 202 7193_

Other
☐ Additional Signer ☐ Signer(s) Thumbprints(s)
☐ _____

© 2009-2015 Notary Learning Center - All Rights Reserved      You can purchase copies of this form from our web site at www.TheNotarysStore.com

# PREPAYMENT RIDER

THIS PREPAYMENT RIDER is made this 20TH . day of OCTOBER 2015 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to **SUMMER BREEZE INVESTMENTS, LLC**
, as **BENEFICIARY**, (the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

### 5031 Tierra Del Oro, Carlsbad CA 92008

**PREPAYMENT.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.** NO PREPAYMENT PENALTY.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Rider.

SIGNATURE OF TRUSTOR:

(This area for official notarial seal)

BORROWER

PINON CANYON LAND AND CATTLE COMPANY LLC,
A COLORADO LIMITED LIABILITY COMPANY

By JAMES BEE, ITS MANAGING MEMBER

DATE 10-20-15

**TESTA CAPITAL GROUP**

---

# California All-Purpose Certificate of Acknowledgment

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** ___SAN DIEGO___ } s.s.

On ___Oct. 20, 2015___ before me, ___G.E. CLARK · NOTARY PUBLIC___
<span style="font-size:small">Name of Notary Public, Title</span>

personally appeared ___JAMES SEE___
<span style="font-size:small">Name of Signer (1)</span>

_____
<span style="font-size:small">Name of Signer (2)</span>

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

___G E Clark___
<span style="font-size:small">Signature of Notary Public</span>

> **G. E. CLARK**
> COMM. #2043264
> NOTARY PUBLIC•CALIFORNIA
> SAN BERNARDINO COUNTY
> My Comm. Expires OCT 26, 2017

<span style="font-size:small">Seal</span>

———————————— OPTIONAL INFORMATION ————————————

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____

___PREPAYMENT RIDER___ ,

containing _____ pages, and dated _____

The signer(s) capacity or authority is/are as:
- ☐ Individual(s)
- ☐ Attorney-in-fact
- ☐ Corporate Officer(s) _____
  <span style="font-size:small">Title(s)</span>
- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☒ Other: ___MANAGING MEMBER___

representing: _____
<span style="font-size:small">Name(s) of Person(s) Entity(ies) Signer is Representing</span>

### Additional Information

**Method of Signer Identification**

Proved to me on the basis of satisfactory evidence:
☒ form(s) of identification  ☐ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____  Entry # _____

Notary contact: ___951 202·7193___

**Other**
☐ Additional Signer  ☐ Signer(s) Thumbprints(s)
☐ _____

© 2009-2015 Notary Learning Center - All Rights Reserved        You can purchase copies of this form from our web site at www.TheNotarysStore.com

**Exhibit "A"**

**Legal Description**

A.P.N.: 210-020-10-00

Real property in the City of Carlsbad, County of San Diego, State of California, described as follows:

LOT 10 OF TIERRA DEL ORO, IN THE CITY OF CARLSBAD, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 3052, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 4, 1954.

EXCEPTING THEREFROM THAT PORTION NOW OR HERETOFORE LYING BELOW THE MEAN HIGH TIDE LINE OF THE PACIFIC OCEAN.

# PINION LOAN AGREEMENT

THIS LOAN GUARANTEE AGREEMENT is made this 20TH DAY OF OCTOBER 2015 BY JAMES SEE, TO
<u>SUMMER BREEZE INVESTMENTS, LLC</u> - its successors and / or assigns ("Creditors").

FOR VALUE RECEIVED, Guarantors, jointly and severally, if more than one, hereby unconditionally and
absolutely guarantee to Creditor the prompt and full payment and performance, when due, of all indebtedness and
obligations arising in connection with the
**PROPERTY: $540,000 2ND Trust Deed loan + $50,000 lender deferred Exit fee**
**PROPERTY: 5031 Tierra Del Oro, Carlsbad CA 92008**
      **ASSESSOR'S PARCEL NO. : APN: 210-020-10-00   ESCROW/TITLE ORDER NO. 4945567A.**

**MADE TO  PINON CANYON LAND AND CATTLE COMPANY LLC, A COLORADO LIMITED LIABILITY COMPANY**

(hereinafter called "Debtor") by Creditor, fixed or contingent and whether arising by notes, guarantees, discounts,
overdrafts, letters of credit and or applications, reimbursements and loan agreements related thereto, or in any other
manner, whether now existing or hereinafter arising, including, without limitation, interest and collection costs
specified in any document evidencing, securing or pertaining to any such indebtedness and obligations (said
indebtedness and obligations being hereinafter collectively called the "Indebtedness").

If to Guarantor:
JAMES SEE
5031 Tierra Del Oro, Carlsbad CA 92008

If to Lender:
CO/ TESTA CAPITAL GROUP - SUMMER BREEZE INVESTMENTS, LLC
P.O. BOX 707, HUNTINGTON BEACH, CA 92648

Notice shall be deemed given upon receipt. Any party may designate a change of address by written notice
to the others, given at least ten (10) days before such change of address is to become effective.

1. CONTINUING GUARANTY: This is a continuing Guaranty and shall apply to the Indebtedness and any
renewals, extensions, refinancings and modifications thereof. However, Guarantors, or any of them, may give
written notice to Creditor that the Guarantors giving such notice will not be liable hereunder for any future
Indebtedness incurred after the giving of such notice, but the obligation of all other Guarantors shall continue
as to all such Indebtedness as if such other Guarantors had been the only ones signing this instrument. All
Indebtedness incurred pursuant to any loan payment between Creditor and Debtor entered into prior to receipt
by Creditor of any notice referred to in this Guaranty, including notice of death of any Guarantors, shall be
deemed to be Indebtedness incurred prior to receipt of any such notice shall not be considered as given until
actually received by an officer of Creditor.

2. COUNTERPARTS: This Guaranty may be executed in a number of identical counterparts, each of which for
all purposes is deemed an original; further, the failure of any one or more Guarantors to execute a counterpart
hereof shall not affect or impair the validity of enforceability of this Guaranty against any other Guarantors
who may execute any guaranty in connection with the Indebtedness.

3. HEADINGS: The paragraph headings hereof are inserted for convenience of reference only and shall not alter,
define or be used in construing the text of such paragraphs.

4. GOVERNING LAW AND PLACE OF PERFORMANCE:

GUARANTORS AGREE THAT THIS AGREEMENT IS GOVERNED BY THE LAWS OF THE
STATE OF CALIFORNIA. THIS AGREEMENT IS PERFORMABLE IN <u>ORANGE</u> COUNTY,

1

**TESTA CAPITAL GROUP**

CALIFORNIA, AND GUARANTORS HEREBY WAIVE THE RIGHT TO BE SUED ELSEWHERE. GUARANTORS ACKNOWLEDGE THAT THIS AGREEMENT WAS NEGOTIATED IN ORANGE COUNTY, CALIFORNIA, AND WILL BE DEEMED TO BE DELIVERED WHEN DELIVERED TO CREDITOR IN ORANGE COUNTY, CALIFORNIA.

5. DEATH OF GUARANTOR: Upon the death of any of the Guarantors, the obligation of the deceased shall continue against his estate as to all Indebtedness which shall have been incurred by Debtor prior to the actual receipt by an officer of Creditor of written notice of such death; and this Guaranty shall continue in full force as to the surviving Guarantors as to all Indebtedness incurred before and after such death.

6. COMPLIANCE WITH LOAN INSTRUMENTS: Guarantors shall comply with, observe and be bound by the provisions of the Loan Instruments which pertain to Guarantors.

7. LIMITATION ON INTEREST: To the extent that any law limiting the amount of interest that may be contracted for, charged or received is applicable to the obligations of Guarantors under this Guaranty, no provision of this Guaranty shall require the payment or permit the collection of any sum in excess of the maximum lawful amount applicable to Guarantors' obligations under this Guaranty. If any sum in excess of the maximum lawful amount applicable to Guarantors' obligations under this Guaranty is provided for herein, the provisions of this paragraph shall govern, and Guarantors shall not be obligated to pay any sum in excess of the maximum lawful amount applicable to Guarantors' obligations under the Guaranty. The intention of Guarantors and Creditor hereunder is to comply with all laws applicable to this Guaranty and Guarantors' obligations hereunder.

8. MODIFICATION OR CONSENT: No modification, consent or waiver of any provision of this Guaranty, or consent to any departure by any of the Guarantors therefrom, shall be effective unless the same shall be in writing and signed by an officer of Creditor, and then shall be effective only in the specific instance and for the purpose of which given. No notice to or demand on any Guarantors in any case shall, of itself, entitle any Guarantors to any other or further notice or demand in similar or other circumstances. No delay or omission by Creditor in exercising any power or right hereunder shall impair any such right or power to be construed as a waiver thereof or any acquiescence therein, nor shall any single or partial exercise of any such power preclude other or further exercise thereof or the exercise of any other right or power hereunder. All rights and remedies of Creditor hereunder are cumulative of each other and of every other right or remedy which Creditor may otherwise have at law or in equity or under any other contract or document, and the exercise of one or more rights or remedies shall not preclude or impair the concurrent or subsequent exercise of other rights or remedies.

9. BENEFIT TO GUARANTORS: Guarantors acknowledge and warrant that they derived or expect to derive financial and other advantage and benefit, directly or indirectly, from the Indebtedness and each and every advance thereof and from each and every renewal, extension, release of collateral or other relinquishment of legal rights made or granted or to be granted by Creditor to Debtor in an amount not less than the amount guaranteed hereunder.

10. INDUCEMENT TO CREDITOR: Guarantors acknowledge that this Guaranty is given to induce Creditor to extend credit to Debtor which would not be extended except in reliance upon this Guaranty.

11. SUCCESSORS AND ASSIGNS: This Guaranty is for the benefit of Creditor, its successors and assigns, and in the event of any assignment by Creditor, its successors and assigns, of the Indebtedness, or any part thereof, the rights and benefits hereunder, to the extent applicable to the Indebtedness to assigned, may be transferred with such Indebtedness.

12. OTHER: Creditor shall not be required to pursue any other remedies before invoking the benefits of this Guaranty; specifically, Creditor shall not be required to take any action against Debtor or any other person, to exhaust its remedies against endorsers, collateral and other security, or to resort to any balance of any deposit account or credit on the books of Creditor in favor of Debtor or any other person.

2

Initial    Initial    Initial

**TESTA CAPITAL GROUP**

13. **WAIVER OF NOTICE**: Guarantors waive diligence on the part of Creditor in the collection of the Indebtedness, protest, notice, notice of intention to accelerate the maturity of any of the Indebtedness, notice of the acceleration of any of the Indebtedness, and all extensions that may be granted to Debtor. Creditor shall be under no obligation to notify Guarantors of its acceptance hereof, nor of any advances made or credit extended on the faith hereof, nor of the failure of Debtor to pay the Indebtedness as it matures.

14. **SEVERABILITY**: If any provision of this Guaranty is held to be illegal, invalid, or unenforceable under present or future laws effective while this Guaranty is in effect, the legality, validity and enforceability of the remaining provisions of this Guaranty shall not be affected thereby, and in lieu of each such illegal, invalid or unenforceable provision there shall be added automatically as a part of this Guaranty a provision which is legal, valid and enforceable and as similar in terms to such illegal, invalid and unenforceable provision as my be possible.

15. **NOTICE**.  All notices, demands, requests and other communications required hereunder shall be in writing and shall be deemed to have been properly given if personally delivered or sent by United States certified or registered mail, return receipt requested, postage prepaid, addressed to the party for whom it is intended at its address hereinafter set forth:

Notice shall be deemed given upon receipt. Any party may designate a change of address by written notice to the others, given at least ten (10) days before such change of address is to become effective.

BORROWER

PINON CANYON LAND AND CATTLE COMPANY LLC,
A COLORADO LIMITED LIABILITY COMPANY

_____

By JAMES SEE, IT'S MANAGING MEMBER

DATE   _____

GUARANTOR

JAMES SEE

_____

By JAMES SEE

DATE   _____

3

TESTA CAPITAL GROUP

Exhibit F, Page 64